IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-1231 (JBS) |
| v. | |
| ROBERT CUSAAC and LYNETTE WHITE, as personal representatives of the Estate of Ocie Cusaac, Deceased, | **OPINION** |
| Defendants. | |

APPEARANCES:

Pat S. Genis, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Tax Division
PO Box 227
Washington, DC 20001
    Counsel for Plaintiff

Stephanie Shreter, Esq.
105 High Street
Mount Holly, NJ 08060
    Counsel for Defendants

**SIMANDLE**, District Judge:

    Plaintiff filed this action to reduce to judgment certain trust fund liabilities and federal income tax liabilities assessed against Ocie Cusaac. The matter now comes before this Court on Plaintiff's motion for summary judgment, in which it asserts that Defendants have, in effect, admitted to the bulk of the allegations in the complaint, and have failed to present evidence to rebut the tax assessments made against Ocie Cusaac.

For the reasons discussed below, the Court will grant Plaintiff's motion for summary judgment [Docket Item 23].

I.  **INTRODUCTION**

In its complaint, Plaintiff, the United States of America, alleges that Ocie Cusaac ("Mr. Cusaac") owes the United States trust fund taxes for Mark Masonry, Inc. as well as federal income taxes, along with interest, penalties and statutory additions. The complaint asserts that on March 19, 1996, the Internal Revenue Service ("IRS") made a $80,747 assessment against Mr. Cusaac for unpaid trust fund taxes[1] for various tax period beginning on April 1, 1992 and ending on December 31, 1994. (Compl. ¶ 7.)  According to the Plaintiff, despite notice and demand for payment, Mr. Cusaac failed to pay the full amounts due.  (Compl. ¶ 10.)  The complaint further alleges that in 2002 and 2003, the IRS made assessments against Mr. Cusaac for unpaid federal income taxes, interest, and penalties in the amounts of $8,046 and $4,632, respectively.  (Compl. ¶ 12.)  Mr. Cusaac is similarly accused of disregarding the notice and demand for

---

[1]
>    The applicable provision of the Internal Revenue
>    Code provides that taxes such as withholding and
>    Social Security taxes required to be deducted by
>    employers from the wages paid to employees under
>    26 U.S.C. §§ 3102(a), 3402(a) "shall be held to be
>    a special fund in trust for the United States."
>    26 U.S.C. § 7501(a).  The withheld sums are
>    commonly referred to as "trust fund taxes."

Matter of Ribs-R-Us, Inc., 828 F.2d 199, 200 (3d Cir. 1997).

payment and failing to pay the full amounts of income tax due. (Compl. ¶ 15.)  As of May 5, 2008, Plaintiff asserts that Mr. Cusaac owed $181,892.26 in unpaid trust fund taxes and $14,447.57 for unpaid income taxes, including interest and penalties.  (Pl. Br. at 3.)

In answer, Mr. Cusaac admitted to his home address, admitted that he received notice of the various tax assessments, but denied that he failed to pay the amounts owed or that there remained any amount due.  (Answer ¶¶ 5, 10, 15.)  To all other allegations in the complaint Mr. Cusaac answered: "Defendant neither admits nor denies and plaintiff is left to its proofs." (Compl. ¶¶ 1-4, 7-9, 12-14.)  Mr. Cusaac has since deceased, and in May, 2007, the Court granted Plaintiff's motion to substitute Robert Cusaac and Lynette White, personal representatives of the estate of Mr. Cusaac, as the proper party defendants (collectively, "Defendants").

In the instant motion, Plaintiff argues first that Defendants' answer that Mr. Cusaac "neither admits nor denies and plaintiff is left to its proofs" amounts to an admission of those allegations.  Plaintiff also maintains that it is entitled to summary judgment because the IRS tax assessments, submitted with the motion, are presumed correct and Defendants have failed to submit evidence that raises a question as to their validity.  In opposition, Defendants offer "a recap of the tax liabilities and

payments for the years 1983 through 2000" prepared by Defendants' bookkeeper, as well as IRS Form 941 (Employer's Quarterly Federal Tax Return) for the last three quarters of 1992 and all four quarters of 1993, and forty-nine checks from Mark Masonry, Inc. dating from May 20, 1992 through December 30, 1993.

**II. DISCUSSION**

    **A.  Admitting and Denying Complaint Allegations**

Under Federal Rules of Procedure 8(b)(6), "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."  A party who lacks knowledge or information to respond "must so state" in order to deny.  Fed. R. Civ. P. 8(b)(5).  Defendants' answer to certain allegations in the complaint that Mr. Cusaac "neither admits nor denies and plaintiff is left to its proofs" is not sufficient for a denial and thus constitutes an admission.  See Mahanor v. U.S., 192 F.3d 873, 876 (1st Cir. 1951) (defendant's answer that she "neither admits nor denies that truths of the allegations . . . and demands that the plaintiff prove said allegations" was taken to have admitted the allegation); Reed v. Hickey, 2 F.R.D. 92 (E.D. Pa. 1941) (answer that allegations were "'neither admitted nor denied, but proof thereof is demanded if material'" was "an insufficient denial"); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1264 (3d ed. 2004); see also Publicker v. Shallcross, 106 F.2d 949 (3d Cir 1939) (answer that

styled complaint's averments as immaterial and not requiring an answer was an admission). As a consequence, it is not disputed as to the amount of the IRS assessments or the tax periods at issue, nor is it disputed that Mr. Cusaac received notice and a demand for payment of these assessments. The only matter in dispute is whether Mr. Cusaac (or more specifically his Estate) owes these trust fund and personal income taxes. (Compl. ¶¶ 10, 15; Answer ¶¶ 10, 15.)

### B.   Amounts Owed

Plaintiff asserts that it is entitled to summary judgment against Defendants, because Defendants have presented no evidence to rebut the presumption that the tax assessments against Mr. Cusaac are valid. (Pl. Br. at 4-5.) Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words,

"the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Liberty Lobby, 477 U.S. at 255).

Though Plaintiff, of course, bears the initial burden of proof in this matter, by submitting current tax assessments against Mr. Cusaac, along with an affidavit asserting their authenticity, Plaintiff has established a prima facie case of liability against Defendants.  See U.S. v. Green, 201 F.3d 251, 253 (3d Cir. 2000); Freck v. I.R.S., 37 F.3d 986, 992 n.8 (3d Cir. 1994).  "An assessment by the government is presumptively correct and where, as here, it is introduced into evidence, the burden shifts to the defendant [to disprove liability]."  U.S. v. Vespe, 868 F.2d 1328, 1331 (3d Cir. 1989); Psaty v. U.S., 442 F.2d 1154, 1160 (3d Cir. 1971) ("[T]he presumption of correctness operates to place upon the taxpayer both the burden of going forward and the burden of persuasion.").  Therefore, to survive this motion for summary judgment Defendants must "establish the existence of a genuine issue of material fact with regard to the validity or correctness of the assessments." U.S. v. Jones, 877 F. Supp. 907, 913 (D.N.J. 1995).

    1.   Unpaid Federal Income Taxes

As an initial matter, the Court notes that though Defendants have presented evidence in response to this motion, they have not

offered a single document related to Mr. Cusaac's unpaid federal income tax for 2002 or 2003 and therefore nothing to suggest that those assessments against him are incorrect.  For this reason, the Court is compelled to conclude that there is no genuine issue as to Defendants' outstanding income taxes.  See Olson v. General Electric Astrospace, 101 F.3d 947, 951 (3d Cir. 1996) ("In order to demonstrate the existence of a genuine issue of material fact, the nonmovant must supply sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant.").  As a consequence, Plaintiff is entitled to summary judgment on Count II of its complaint, which alleges that Mr. Cusaac failed to pay the full amounts due and owing for unpaid federal income taxes for 2002 and 2003, as well as penalties, interest, and statutory additions.

        2.    Unpaid Employer Trust Fund Taxes

Defendants do attempt to respond to Plaintiff's allegations of unpaid trust fund taxes from April 1, 1992 through December 31, 1994.  As one means of challenging the IRS trust fund tax assessments, Defendants submit "a recap of [Mr. Cusaac's] tax liabilities and payments for the years 1983 through 2000" that their "bookkeeper has prepared."  (Defs. Counsel's Certification ¶ 6.)  This "recap" consists of sixteen unsigned, undated pages of figures, with no information about the source of these calculations.  (Defs. Ex. A.)  Plaintiff argues that these pages

are inadmissible hearsay and therefore cannot be considered in deciding this motion for summary judgment.  The Court agrees. See Pamintuan v. Nanticoke Memorial Hosp., 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that the court cannot consider on summary judgment evidence that would not be admissible at trial).  The bookkeeper's report is simply a summary of records not before the Court, prepared for this litigation, and is therefore inadmissible hearsay.  See Fed. R. Evid. 802, 803(6); Palmer v. Hoffman, 318 U.S. 109, 114 (1943) (holding that reports prepared for the purpose of litigation do not fall within the business records exception to the hearsay rule as they are not kept in the course of regularly conducted business); Timberlake Const. Co. v. U.S. Fidelity and Guar. Co., 71 F.3d 335, 342 (10th Cir. 1995) ("It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business.").  Therefore, the Court will not consider the bookkeeper's "recap" in ruling on Plaintiff's motion for summary judgment.[2]

Next, Plaintiff submits IRS Form 941 for the last three quarters of 1992 and all four quarters of 1993, each form paired

---

[2] The Court notes that, even if admissible, the majority of the bookkeeper's report covers periods not at issue in this case, from 1983 through 1991, and from 1995 through 2000. (Defs. Ex. A.)  In fact, the only relevant year covered is 1994, and Plaintiff has confirmed that those recorded payments were properly applied to Mark Masonry, Inc.'s employment tax liabilites.  (Defs. Ex. A at 8, Pl. Exs. 6, 7.)

with checks, suggesting that those payments should have been, but were not, credited towards Mark Masonry, Inc.'s outstanding trust fund taxes. (Defs. Exs. B-H.) Plaintiff, however, has fully accounted for all but four of these checks, and confirmed that they were properly applied to Mark Masonry, Inc's taxes.[3] (Pl. Addendum; Pl. Exs. 5.1-5.11.)   Plaintiff could not locate three of those checks, numbers 7561, 7562, and 7406, and Plaintiff could only account for $815.26 of the fourth check, number 7707, which was written for $10,815.26. (Pl. Addendum at 2.)

The four remaining checks do not raise any genuine issue as to the accuracy of the assessments against Mr. Cusaac, because Defendants have presented no evidence that these payments should have been credited towards the unpaid trust fund taxes at issue here. "[A] taxpayer must provide specific written instructions for the application of a voluntary partial payment of withheld employment taxes," otherwise the IRS may apply the payments in a manner that best meets the interests of the government. In re Kaplan, 104 F.3d 589, 599 (3d Cir. 1997) (citing Rev. Rul. 79-

---

[3] Not all of the checks submitted by Defendants were applied to the taxes or tax period at issue here.  Four checks state that they were to be payments for unemployment taxes (Form 940), and were so applied. (Defs. Exs. B, C, D; Pl. Addendum at 2.) Twenty-six checks do not indicate that they were to be applied to tax periods relevant to this case, and the IRS directed those payments to Mark Masonry, Inc.'s outstanding employment taxes for tax periods in 1989.  (Defs. Exs. B, C, D, G; Pl. Addendum at 2.) Such a designation, as the Court will discuss at length, was appropriate.  See Rev. Rul. 79-284, 1979-2 C.B. 83, superseded by Rev. Proc. 2002-26, 2002-15 I.R.B. 746.

9

284, 1979-2 C.B. 83[4]). Furthermore, it is the longstanding policy of the IRS to apply undesignated payments first to the employer's non-trust fund taxes, before directing excess payments to trust fund taxes. In re Kaplan, 104 F.3d at 599, 600 n.26; see Matter of Ribs-R-Us, Inc., 828 F.2d 199, 201 (3d Cir. 1997). Of the missing payments in this case, checks numbered 7561 ($5,000) and 7562 ($304) were made out to the IRS and designated for "941 Tax," without further specification. (Defs. Ex. E.) Check number 7406 ($1,014.27) was made to the order of the IRS in Holtsville, NY, and was designated only for Mark Masonry, Inc.'s tax identification number and "941." (Defs. Ex. B.) Check 7707 ($10,815.26) was similarly made out to the IRS, and though it indicated that it was for "941 Tax 3rd Quarter 1993," it did not specify that it should be applied to outstanding trust fund taxes, rather than non-trust fund taxes. (Defs. Ex. G.) Thus,

---

[4] Revenue Rule 79-284 reads:

> Voluntary partial payments of assessed tax, penalty, and interest will be applied to withheld employment taxes and collected excise taxes as designated by the taxpayer. If no designation is made, the payments will be allocated to tax, penalty, and interest in a manner serving the best interest of the Service.

Rev. Rul. 79-284, 1979-2 C.B. 83. Since the events in this case, this rule has been superseded by Revenue Procedure 2002-26, which still requires "specific written directions" or the IRS "will apply the payment to periods in the order of priority that the Service determines will serve its best interest." Rev. Proc. 2002-26, 2002-15 I.R.B. 746.

without specific instructions as to what tax period or what taxes these payments were meant to alleviate, there is no evidence that Mark Masonry, Inc.'s checks should have reduced the amount Defendants owe according to the IRS tax assessments. See In re Kaplan, 104 F.3d at 599. Without such evidence, there is no genuine issue of material fact as to Defendants' unpaid trust fund taxes and Plaintiff is entitled to summary judgment on Court I of its complaint as well.

Therefore, because Plaintiff has established a prima facie case against Defendants, through the submission of presumptively valid IRS tax assessments, and because Defendants have failed to present evidence that challenges that validity, Plaintiff is entitled to summary judgment. See U.S. v. James Day Care Center Corp., 152 F. App'x. 171 (3d Cir. 2005) (granting summary judgment to United States where government submitted tax assessments and then accounted for the evidence of payments defendant submitted in response).

## III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for summary judgment in its entirety and order the docket closed.

**October 30, 2008**               **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    United States District Judge

11